# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-20152
Summary Calendar

---

WILLIAM A. FOSTER III,

Plaintiff-Appellant,

versus

THE CITY OF PRAIRIE VIEW TEXAS;
EDWARD L. ABRAM,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-4355)

---

February 3, 1998

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:[*]

William A. Foster appeals an adverse summary judgment in his 42 U.S.C.

§ 1983 and state law claims against the City of Prairie View, Texas and one of its

former police officers, Edward L. Abram, for alleged acts of false arrest, excessive

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

force, malicious prosecution, and negligent retention of Officer Abram. For the reasons assigned, we affirm.

## Background

Early in the morning of August 23, 1994, Abrams stopped Foster for speeding, having clocked him on radar in excess of 70 mph in a 55 mph zone. Foster declined to participate in a field test for sobriety and when he refused to sign for the traffic ticket he was placed under arrest. Against the suggestion of his superior that Foster be taken to the nearby county jail, Abrams handcuffed him, placed him in the patrol car, and drove him 30 miles to a hospital for a blood test. Foster immediately complained to no avail of pain from the handcuffs and from his position with his arms behind his back. The blood test was taken and Foster was charged by Abram with driving while under the influence along with the speeding charge. He was released from custody around midday. The blood test report was negative for alcohol or drug content and the prosecutor dismissed both the DUI charge and speeding ticket. Foster filed a complaint against Abram and ultimately, pursuant to recommendation of the police chief, he was dismissed as a police officer.

Foster filed suit in state court which was removed to federal court. The City and Abram moved for summary judgment. The City claimed that it had no policy

which violated Foster's constitutional rights and that the hiring and retention of a police officer who exercised bad judgment or was a tortfeasor was not enough. Abram claimed qualified immunity. The trial court granted the defendants summary judgment and Foster timely appealed.

Analysis

On appeal of a summary judgment our review of the record is plenary[1] and we apply the same standard as that used by the district court.[2] We view the evidence in the light most favorable to the non-movant and if we find no genuine dispute of a material fact, summary judgment is appropriate.[3]

False imprisonment and malicious prosecution are actionable under section 1983 as violative of fourth amendment protections against arrest, detention, and prosecution without probable cause. The trial court found that Abram was entitled to claim qualified immunity to this charge because his actions objectively were reasonable.[4] We agree. Faulty judgment and personalities aside, Abram's conduct

---

[1] **Int'l Shortstop, Inc. v. Rally's**, 939 F.2d 1257 (5th Cir. 1991).

[2] **Dorsett v. Board of Trustees of State Colleges & Universities**, 940 F.2d 121 (5th Cir. 1991).

[3] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986).

[4] See **Baker v. Putnal**, 75 F.3d 190 (5th Cir. 1996).

objectively was reasonable because he had a reasonable basis to stop Foster[5] and, when Foster refused to sign the traffic ticket, which was merely an assurance he would appear in court in response to the speeding ticket,[6] he became subject to arrest.[7]

The claim of malicious prosecution also lacks merit. Abram wrote his citation and made his report, which the prosecutor reviewed and then declined to prosecute. That Abram issued a citation and wrote an accusatory report does not equate to malicious prosecution. Finally, dismissal of the excessive-force claim, arguably somewhat marginal, is supported by the record. Foster understandably was angry when Abram suggested he was guilty of driving while under the

---

[5] Abrams reports that he clocked Foster at 72 mph on his radar. Foster admitted to traveling between 55 and 60 in the 55-mile zone and he did not dispute Abram's statement that he swerved across the road and did not promptly respond and stop when Abram engaged his flashing light and siren.

[6] Tex. Transp. Code Ann. § 543.005 is entitled "Promise to Appear; Release" and provides:

> To secure release, the person arrested must make a written promise to appear in court by signing in duplicate the written notice prepared by the arresting officer. The arresting officer shall retain the original of the notice and deliver the copy of the notice to the person arrested. The officer shall then promptly release the person from custody.

[7] See **Whiting v. State**, 755 S.W.2d 936 (Tex.App.--San Antonio 1988), rev'd on other grounds, 797 S.W.2d 45 (Tex.Crim.App. 1990); **Babb v. Dorman**, 33 F.3d 472 (5th Cir. 1994).

4

influence and he objected to being handcuffed behind his back and driven 30 miles to the hospital for the blood test. Abram set the cuffs at the least restrictive position and use of the behind-the-back technique, albeit a bit much in this situation, is standard procedure and does not rise to the level of excessive force.

As to the claims against the City for hiring and retaining Abram, we likewise agree with the district court. One seeking to impose liability on a municipality under section 1983 must identify a policy or custom that caused the plaintiff's injury, and that the action by the municipality was taken with deliberate indifference to the plaintiff's constitutional rights.[8] Further, there must be proof of a direct causal link between the action by the municipality and the constitutional deprivation.[9] The summary judgment record is devoid of proof in this regard.

Finally, Foster contends that the trial court erred in refusing his Rule 59(e) motion to reconsider additional evidence, including proof that in December 1995 Abram was convicted for false identification as a police officer, that in December 1996 state authorities revoked his law enforcement license, and that a nurse at the hospital gave an affidavit disputing Abram's assertions that Foster had bloodshot eyes and appeared intoxicated when he underwent the blood test at the hospital.

---

[8] **Board of the County Comm'r v. Brown**, 117 S.Ct. 1382 (1997).

[9] **Lavespere v. Niagara Mach. & Tool Works, Inc.**, 910 F.2d 167 (5th Cir. 1990).

Although of obvious interest, these facts do not change the dispositive facts in the summary judgment analysis.

The judgment appealed is AFFIRMED.